# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 ADAM P. STEPHENSON**
**United States Army, Appellant**

ARMY 20140719

Headquarters, 1st Cavalry Division
Wade N. Faulkner, Military Judge
Colonel Alison C. Martin, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Samuel E. Landes, JA (on brief).

28 March 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Judge HERRING:

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of two specifications of making a false official statement, two specifications of damaging military property, one specification of wrongful appropriation, four specifications of larceny, and one specification of soliciting another to wrongfully distribute a controlled substance under Articles, 107, 108, 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 908, 921, 934 (2012) [hereinafter UCMJ]. The court sentenced appellant to a dishonorable discharge, confinement for three years, a reduction to the grade of E-1, and forfeiture of all pay and allowances. Pursuant to a pretrial agreement, the convening approved the adjudged sentence except that portion extending to confinement in excess of thirty months.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one which merits discussion and relief. Appellant

asks this court to provide appropriate relief to remedy the government's dilatory post-trial processing of his case. We agree that relief is appropriate and grant thirty days confinement credit.[*]

## LAW AND DISCUSSION

The convening authority took action 254 days after the sentence was adjudged. The record in this case consists of five volumes, and the trial transcript is 146 pages. Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the unjustified dilatory post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally, United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

Here appellant demanded speedy post-trial processing on 23 January 2015. He complained of excessive post-trial delay in his Rule for Courts-Martial 1105 submission on 13 April 2015. The staff judge advocate disagreed with this complaint in the addendum but offered no explanation for the delay. The convening authority took action 147 days after the military judge authenticated the record of trial, 131 days after the appellant first raised the issue of speedy post-trial processing. This case involves charges and matters of no great complication. Though the sentence in this case is appropriate for appellant's misconduct, the unexplained delay between announcement of sentence and action is simply too long, and could "adversely affect the public's perception of the fairness and integrity of military justice system . . . ." *Ney*, 68 M.J. at 617. Thus, we find relief is appropriate under the facts of this case.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty are AFFIRMED. Given the dilatory post-trial processing, however, we affirm only so much of the sentence as provides for a dishonorable discharge, confinement for twenty-nine months, a reduction to the grade of E-1, and total forfeiture of all pay and allowances. All rights, privileges, and property, of which appellant has been

---

[*] The appellant raised three issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We will address the issue raised concerning post-trial processing time; the remainder are without merit.

deprived by virtue of this decision setting aside portions of the sentence, are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Senior Judge MULLIGAN and Judge BURTON concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court